OPINION
{¶ 1} Plaintiff-appellant State of Ohio appeals the April 14, 2005 Judgment Entry of the Mansfield Municipal Court granting appellee Matthew L. Pfeiffer's application for ensealment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 22, 1999, appellee and another male teacher met several female students at a local hotel following the school prom. Appellee arranged to rent a room at the hotel. At the hotel the girls consumed alcohol, and appellee touched several of the girls in a sexual manner while they lay on the bed.
 {¶ 3} On July 21, 1999, appellee entered a plea of no contest to one count of attempted sexual battery on a bill of information. The trial court made a finding of guilty based upon the plea, and sentenced appellant to three years of community control. The trial court also found appellee to be a sexually oriented offender.
 {¶ 4} Appellee violated the conditions of his probation, and on July 27, 2002, the trial court ordered appellee complete the Volunteers of America Sex Offender Treatment Program, and extended his probation until August 30, 2005.
 {¶ 5} On September 9, 2002, the trial court granted appellee's motion for termination of his probation, and he was released from supervision.
 {¶ 6} On July 27, 2005, appellee filed an application for ensealment of his record. The State filed an objection to the ensealment on August 11, 2005.
 {¶ 7} On April 14, 2006, the trial court, via Judgment Entry and without a hearing on the matter, granted the application for ensealment.
 {¶ 8} The State now appeals, assigning as error:
 {¶ 9} "I. THE TRIAL COURT'S DECISION GRANTING ENSEALMENT OF THE APPELLEE'S CRIMINAL RECORD WAS CONTRARY TO LAW AS THE APPELLEE WAS NOT ELIGIBLE FOR ENSEALMENT UNDER R.C. 2953.32 AND R.C. 2953.36."
 {¶ 10} Ohio Revised Code Section 2953.32 governs an application for ensealment, providing:
 {¶ 11} "(A)(1) Except as provided in section 2953.61 of the Revised Code, a first offender may apply to the sentencing court if convicted in this state, or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the conviction record. Application may be made at the expiration of three years after the offender's final discharge if convicted of a felony, or at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.
 {¶ 12} "(2) Any person who has been arrested for any misdemeanor offense and who has effected a bail forfeiture may apply to the court in which the misdemeanor criminal case was pending when bail was forfeited for the sealing of the record of the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the expiration of one year from the date on which the bail forfeiture was entered upon the minutes of the court or the journal, whichever entry occurs first.
 {¶ 13} "(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant.
 {¶ 14} R.C. § 2953.32
 {¶ 15} Section 2953.36 governs situations in which ensealment is precluded, providing:
 {¶ 16} "Convictions precluding sealing
 {¶ 17} "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
 {¶ 18} "(A) Convictions when the offender is subject to a mandatory prison term;
 {¶ 19} "(B) Convictions under section 2907.02, 2907.03, 2907.04,2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters;
 {¶ 20} "(C) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01 or 2917.31 of the Revised Code that is a misdemeanor of the first degree;
 {¶ 21} "(D) Convictions of an offense in circumstances in which thevictim of the offense was under eighteen years of age when the offenseis a misdemeanor of the first degree or a felony;
 {¶ 22} "(E) Convictions of a felony of the first or second degree;
 {¶ 23} "(F) Bail forfeitures in a traffic case as defined in Traffic Rule 2.
 {¶ 24} R.C. § 2953.36 (Emphasis added.)
 {¶ 25} In the case sub judice, appellant entered a plea of no contest and was subsequently found guilty of attempted sexual battery, in violation of R.C. 2907.03(A)(7), a felony of the fourth degree. The sexual conduct engaged in by appellee was directed towards a minor, who was seventeen years of age at the time of the offense. Accordingly, appellee was not entitled to ensealment of his records pursuant to R.C. 2953.36(D).
 {¶ 26} Appellant's first assignment of error is sustained.
 {¶ 27} The April 14, 2005 Judgment Entry of the Mansfield Municipal Court is reversed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the April 14, 2005 Judgment Entry of the Mansfield Municipal Court is reversed. Costs assessed to appellee.